# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANDOVER HEALTHCARE, INC., a Massachusetts corporation, | Civil Action No. |
| Plaintiff, | |
| v. | |
| JOHNSON & JOHNSON CONSUMER, INC., a New Jersey corporation, | **JURY TRIAL DEMANDED** |
| Defendant. | |

## COMPLAINT

Plaintiff Andover Healthcare, Inc. ("Andover"), by and through its attorneys, alleges as follows against Defendant Johnson & Johnson Consumer, Inc. ("Johnson"):

### Parties

1. Andover is a corporation organized and existing under the laws of the Commonwealth of Massachusetts with a principal place of business at 9 Fanaras Drive, Salisbury, Massachusetts.

2. Johnson is a foreign corporation organized and existing under the laws of the state of New Jersey with its principal place of business at 199 Grandview Rd, Skillman, New Jersey. Johnson is registered to do business in the Commonwealth of Massachusetts.

### Jurisdiction and Venue

3. This is an action for false advertising under the Lanham Act, 15 U.S.C. §1125(a)(1)(B), unfair trade practices in violation of the Massachusetts Consumer Protection Act, M.G.L. Ch. 93A, and common law unfair competition. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 because this involves a federal question. This Court

also has subject matter jurisdiction pursuant to 28 U.S.C. §1332 because there is diversity between the parties and there is more than $75,000 in dispute.  The Court has pendant subject matter jurisdiction regarding the state law claims.

4. This Court has general jurisdiction over Johnson since it regularly and systematically conducts business in Massachusetts.  The Court has specific personal jurisdiction over Johnson because the acts making up the causes of action were committed and continue to be committed in Massachusetts and the injury caused to Andover occurred and continues to occur in Massachusetts.

5. Venue is proper in this Court pursuant to 28 U.S.C. §1391.

### Background of the Products

6. Andover is a manufacturer and distributer of healthcare bandages and wraps used in hospitals and sold at retail stores throughout the United States and the world.  Among other products, Andover manufactures cohesive elastic wraps.  Unlike a typical elastic bandage, such as an Ace® bandage which is secured at the end by metal clips to prevent unwrapping, a cohesive elastic bandage does not require clips or any other fastener.  Rather, a cohesive bandage is manufactured with a dried coating which, when the bandage is wrapped, causes the bandage to stick to itself, but not to skin, hair or clothing.

7. Andover has been selling cohesive elastic wraps for more than 25 years and is one of the industry leaders in cohesive wraps, offering hundreds of different products varying in construction, colors, shapes and sizes.

8. One of the main ingredients in a traditional cohesive elastic wrap is natural rubber latex.  However, the widespread use of natural rubber latex in healthcare products (e.g., latex gloves) resulted in a growing number of allergic reactions to natural rubber latex.  Such allergic reactions include itching, swelling and at times, anaphylactic shock resulting in death.

9. As a direct result of such allergic reactions, Andover invented the healthcare industry's first cohesive elastic wrap containing no natural rubber latex. It was an immediate success and contributed to Andover's extraordinary growth as a global supplier of cohesive wraps.

10. In 1997, a federal regulation was enacted to warn users of any product made with natural rubber latex. Title 21 of the Code of Federal Regulations, section 801.437 (21 CFR 801.437), as amended, states that any medical product that comes into contact with a human being wherein the product is manufactured with natural rubber latex must contain the warning: **"Caution: This Product Contains Natural Rubber Latex Which May Cause Allergic Reactions."** (Exhibit A)

11. Years later, manufacturers began labeling their products as "latex-free" to convey to the public that their products did not contain natural rubber latex. In response, the U.S. Federal Drug Administration ("FDA") issued guidance as to the appropriate language to use on product labeling to convey that <u>no natural rubber latex was used</u> in the product's manufacture. Specifically, in 2014, the FDA recommended in its published Final Guidance that for a manufacturer to indicate natural rubber latex was not used in manufacturing the product, the manufacturer should include the following phrase, **"Not made with natural rubber latex."** (Exhibit B, p. 4) The FDA stated, "If this statement is made without any qualification, it would apply to the medical product, its container and any packaging." (*Id.*)

## COUNT I
### False Advertising or Promotion in Violation of 15 U.S.C. 1125(a)(1)(B)

12. Andover repeats and realleges paragraphs 1-11 above as if fully set forth in this Count I.

13. Johnson sells elastic wraps under the following brand names (Exhibit C):

- Coach® Sports Wrap ("Coach")
- Band-Aid® Secure-Flex® Wrap ("Secure-Flex")
- Band-Aid® Hurt-Free® Wrap ("Hurt-Free")

14. The packaging of Johnson's Coach, Secure-Flex and Hurt-Free wraps (collectively, "Accused Products") contains the statement, "not made with natural rubber latex."

15. Despite labeling the Accused Products as "not made with natural rubber latex," the Accused Products do in fact contain natural rubber latex.

16. Such product packaging statements are literally false and deceive a substantial segment of purchasers of the Accused Products.

17. The false statements are material in that they are likely to influence the purchasing decision of the public since the statements go directly to an inherent and important characteristic of the Accused Products.

18. Johnson distributes the Accused Products throughout the United States in interstate commerce.

19. Andover and Johnson are direct competitors for their elastic wrap products, and, thus, Andover has been injured by Johnson's false advertising and promoting.

20. Andover's products are made without natural rubber latex and, as such, are more expensive to manufacture than Johnson's Accused Products made with natural rubber latex.

21. Had Johnson not falsely advertised or promoted its Accused Products as being "not made with natural rubber latex," Andover would have captured Johnson's sales of these

4

products, and, in addition, Andover would have realized higher profit margins since it was forced to compete with Johnson's cheaper prices.

22. Upon information and belief, Johnson's false labeling of the accused products as "not made with natural rubber latex" was done willfully.

## COUNT II
### Unfair Trade Practices in Violation of M.G.L. Chapter 93A

23. Andover repeats and realleges paragraphs 1-22 above as if fully set forth in this Count II.

24. Johnson's advertising, labeling and promotion on its website is false.

25. The false advertisements and promotions are material and have been taking place throughout the United States, including in Massachusetts.

26. Andover is a Massachusetts corporation with its principle place of business and manufacture in Massachusetts, competes head-to-head with Johnson in Massachusetts regarding the accused products, and as such has been harmed by Johnson's false advertising and promotion in Massachusetts.

27. Johnson's conduct constitutes an unfair method of competition and unfair or deceptive act or practice in the conduct of trade or commerce occurring primarily and substantially within Massachusetts.

28. It is Andover's belief that Johnson's false advertising was willful.

## COUNT III
### Common Law Unfair Competition

29. Andover repeats and realleges paragraphs 1-27 above as if fully set forth in this Count III.

30. Johnson's false advertising is deceptive under common law, gives Johnson's an unfair advantage, and as a result has caused and continues to cause significant economic harm to

5

Andover.

## **Prayer for Relief**

WHEREFORE, Andover respectfully requests that Judgment be entered in its favor and against Johnson and the following relief be entered:

a. that Johnson's Coach® Sports Wrap, Secure-Flex® Wrap, and Hurt-Free® Wrap are in violation of 15 U.S.C. §1125(a)(1)(B) for false advertising, labeling and/or promotion;

b. that Johnson's Coach® Sports Wrap, Secure-Flex® Wrap, and Hurt-Free® Wrap are in violation of M.G.L. Ch. 93A for false advertising, labeling and/or promotion;

c. that Johnson is liable for common law unfair competition for falsely advertising, labeling and/or promoting its Coach® Sports Wrap, Secure-Flex® Wrap, and Hurt-Free® Wrap products;

d. pursuant to 15 U.S.C. §1117, Andover be awarded actual damages as a result of Johnson's conduct;

e. pursuant to 15 U.S.C. §1117, Johnson provide a detailed accounting of gross and net profits from its sale of Coach® Sports Wrap, Secure-Flex® Wrap, and Hurt-Free® Wrap;

f. pursuant to 15 U.S.C. §1117 and M.G.L. Ch. 93A, §11, Johnson's profits from the sales of Coach® Sports Wrap, Secure-Flex® Wrap, and Hurt-Free® Wrap be disgorged and awarded to Andover;

g. that Johnson's foregoing conduct was willful and knowing;

h. pursuant to 15 U.S.C. §1117 and M.G.L. Ch. 93A, §11, Andover's actual damages be trebled.

i. pursuant to 15 U.S.C. §1117 and M.G.L. Ch. 93A, §11, Andover be awarded reasonable attorneys' fees and costs incurred in this action;

j. that Andover be awarded prejudgment interest on the amount of actual damages awarded;

k. enter a permanent injunction enjoining Johnson from its continued false advertising and unfair trade practices; and

l. any and all additional relief the Court deems equitable and just.

**Jury Demand**

Plaintiff hereby demands a trial by jury.

Respectfully submitted,
ANDOVER HEALTHCARE, INC.
by its attorneys,


*/s/ Paul F. Beckwith*
Paul F. Beckwith (BBO #:  550186)
Andrew T. O'Connor (BBO #:  664811)
Goulston & Storrs PC
400 Atlantic Ave.
Boston, MA 02110
t:  (617) 482-1776 / f: (617) 574-4112
*pbeckwith@goulstonstorrs.com*
*aoconnor@goulstonstorrs.com*

and

Mark M. Grossman (*pro hac vice to be submitted*)
Lee F. Grossman (*pro hac vice to be submitted*)
Grossman Law Offices, P.C.
225 W. Washington St., Suite #2200
Chicago, IL 60606
t:  (312) 621-9000
*mgrossman@grossmanlegal.com*
*lgrossman@grossmanlegal.com*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 11, 2017, I electronically filed the foregoing with the Clerk's Office using the Court's CM/ECF system, which will send notification of this filing (NEF) to all registered participants and paper copies will be sent to those indicated as non-registered participants.

*/s/ Paul F. Beckwith*

8927711