UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANDOVER HEALTHCARE, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 17-cv-10620-LTS ) |
| JOHNSON & JOHNSON CONSUMER INC., | ) ) ) ) |
| Defendant. | ) ) ) |

ORDER ON MOTION TO DISMISS (DOC. 16)

July 25, 2017

SOROKIN, D.J.

　　Andover sues Johnson & Johnson alleging violation of the Lanham Act and Chapter 93A as well as common law unfair competition, all of which arise out of Andover's allegation that its sales of cohesive bandages not made with natural rubber latex are damaged by Johnson & Johnson's allegedly false advertising in which Johnson & Johnson markets, untruthfully according to Andover, certain products as free of natural rubber latex. Johnson and Johnson moves to dismiss.

　　The Court evaluates the motion under the familiar governing standard. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.") (citation and internal quotation marks omitted). The Motion is DENIED. The Complaint, while terse, sets forth sufficient factual allegations to state, plausibly, the claims as well as to comply with the requirements of Federal Rule of Civil Procedure 8. While Johnson & Johnson complains of a lack of evidentiary support for Andover's assertion that the ads are false,

1

Plaintiffs are not required to prove their case in a complaint. Andover has pled that the accused products "do in fact contain natural rubber latex." This is a factual allegation. It supports sufficiently the false advertising claim and was made subject to the requirements of Rule 11. The same type of analysis applies to Johnson & Johnson's injury argument. Finally, Johnson & Johnson asserts that the Chapter 93A claim fails as a matter of law because the complained of conduct did not occur primarily and substantially in Massachusetts. The SJC applies a fact laden center of gravity analysis to this question. <u>Kuwaiti Danish Computer Corp. v. Digital Equip. Co.</u>, 438 Mass. 459 (2003). On this Complaint, the question is not one for resolution on a motion to dismiss or put differently, drawing all reasonable inferences in Plaintiff's favor, as the law requires, the Complaint alleges sufficient facts to plausibly support that conclusion. Defendant's reliance on <u>Fishman Transducers v. Paul</u>, 684 F.3d 187, 197 (1st Cir. 2012) is misplaced. The First Circuit ruled after discovery on a record presenting a different set of facts, involving very few sales in Massachusetts. The decision does not support allowing Johnson & Johnson's Rule 12(b) motion in this case.

Accordingly, the Motion to Dismiss (Doc. 16) is DENIED. The Clerk shall schedule a Rule 16 Conference for this case.

SO ORDERED.

  /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge